```
              IN THE UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HECTOR L. HUERTAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF CAMDEN, et al.,<br><br>　　　　　Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 06-6039 (JBS)<br><br>**<u>MEMORANDUM OPINION</u>** |

**Simandle, District Judge**:

　　On December 18, 2006, Plaintiff Hector Huertas ("Plaintiff") commenced this action and sought a temporary restraining order and preliminary injunction, pursuant to Fed. R. Civ. P. 65(b), to enjoin the Defendants City of Camden, et al., "from threatening [him] with incarceration ... if he does not provide .... access to his place of abode, and housing accommodations to defendant Jorge L. Cruz," who is Plaintiff's half-brother.  For the following reasons, the Court will deny the request for a temporary restraining order and will dismiss this case:

　　1.  On December 14, 2006, New Jersey Superior Court Judge Lee Solomon entered an order that vacated Plaintiff's domestic violence complaint and temporary restraining order, which were dated November 27, 2006, against Mr. Cruz.  After a hearing, Judge Solomon determined that Plaintiff's allegation of domestic violence against Mr. Cruz was not substantiated. (Pl. Ex. A.)

2. The temporary restraining order had barred Mr. Cruz from the home at 2205 Sewell St, Camden, NJ, where both men were living. Mr. Cruz had to relinquish his keys to that residence to the police.

3. After Judge Solomon vacated that temporary restraining order, Plaintiff alleges the police, in violation of his civil rights, informed Mr. Huertas that he must permit Mr. Cruz to re-enter the home and reside there.

4. Unhappy with Judge Solomon's decision to vacate the temporary restraining order, Plaintiff now asks this Court to use its authority to prevent Mr. Cruz from entering the home, or to prevent the police from asking him to permit Mr. Cruz to enter the home.[1] The Court cannot give Plaintiff the relief he is seeking, or even hear his claim. In effect, Plaintiff seeks to appeal Judge Solomon's decision to the district court. Although he has styled this action as a civil rights claim against the police, Plaintiff is asking this Court to undo Judge Solomon's

---

[1] Plaintiff may also be confused as to whether Judge Solomon's order actually decided this issue. The face of the Order, signed by Judge Solomon and captioned "Order of Dismissal [of] Temporary Restraining Order" is clear that it did: "THE COURT having considered the testimony and/or certification at this hearing and the Court having determined that:

> 3. The Court having determined that the plaintiff's allegation of domestic violence has not been substantiated.

IT IS HEREBY ORDERED on this 14th day of December, 2006 that the Domestic Violence Complaint, dated 11-27-06, is DISMISSED and the TEMPORARY RESTRAINING ORDER is/are vacated." (Pl. Ex. A.)

decision and Order.  Plaintiff's appeal must be taken in the state system that rendered the decision.  To the extent Plaintiff attempts to add some claim for denial of due process as a cause of action in this Court under 42 U.S.C. § 1983, the Court notes that after granting Plaintiff an extension of time, Judge Solomon had a hearing where he took testimony from Plaintiff and Mr. Cruz, and then ruled that the restraining order should be vacated.  Additionally, Plaintiff has more process available to him in the form of a state appeal.  Plaintiff disagrees with the result before Judge Solomon, but he cannot complain that he did not receive the process that was due; if the Superior Court judge erred in his determination, Plaintiff has redress available only from the Appellate Division of the New Jersey Superior Court, and not from this Court.

    5.   "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Although ordinarily the Court would hear oral argument on a motion for preliminary injunction, because it is clear from Plaintiff's papers, themselves, including the annexed state court judgment, that the Court lacks jurisdiction over this civil action, no hearing is necessary to determine whether temporary restraints would be appropriate, nor would the Court be permitted to impose such restraints.

> When subject matter jurisdiction is at issue, a federal court is generally required to reach the jurisdictional question before turning to the merits. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 93-95, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998) (rejecting the position previously taken by several courts of appeals that found it "proper to proceed immediately to the merits question" in a case "despite jurisdictional objections"); Larsen v. Senate of the Commw., 152 F.3d 240, 245 (3d Cir. 1998) ("A court that is without proper jurisdiction cannot proceed at all, and must merely note the jurisdictional defect and dismiss the suit.").

Baltimore County v. Hechinger Liquidation Trust, 335 F.3d 243, 249 (3d Cir. 2003).

6. According to controlling Third Circuit precedent, this Court lacks jurisdiction over what is, in essence, an appeal of Judge Solomon's decision in the state system.

> Under the Rooker-Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling. Whiteford v. Reed, 155 F.3d 671, 674 (3d Cir. 1998) (citing FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). As such, application of the Rooker-Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

> In explaining the jurisdictional bar, this Court has described the Rooker-Feldman doctrine as precluding lower federal court jurisdiction over claims that were actually litigated or those "inextricably intertwined" with adjudication by a state court. Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 325 (3d Cir.2000) We have further explained that "a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman, '[w]here federal relief can only be predicated upon a conviction that the state court was wrong.' " Id. (quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989) (quoting Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring))). See also Exxon Mobil, 544 U.S. at 293, 125 S. Ct. 1517 ("In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment," but the federal court is divested of jurisdiction under Rooker-Feldman only where it is asked to redress injuries caused by an unfavorable state-court judgment.). Importantly, if a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court. Id. at 327, 125 S. Ct. 1517.

Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006). "[A] party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the [United States] Supreme Court under § 1257, not a separate action in federal court." Parkview Ass'n P'ship, 225 F.3d at 324. Not only are the issues in this case "inextricably intertwined" with the proceedings in the state court, but relief

in this action could "only be predicated upon a conviction that the state court was wrong." Id. at 325.

7.  Because this Court lacks subject matter jurisdiction to adjudicate this case or the motion for a temporary restraining order, the Court shall dismiss the action, pursuant to Fed. R. Civ. P. 12(h).

**December 19, 2006**             **s/ Jerome B. Simandle**
Date                                       Jerome B. Simandle
                                             United States District Judge